# EXHIBIT A

IN THE SUPERIOR COURT OF JACKSON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| RICHARD FIELDS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LIFE INSURANCE COMPANY )<br>OF NORTH AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 18-CV-0278-B |

--WAIVER OF SERVICE OF SUMMONS--

To: Patrick B. Cates, Attorney for Plaintiff

I acknowledge receipt of your request that I waive service of a summons in the action of Richard Fields v. Life Insurance Company of North America, which is case number 18-CV-0278-B in the Superior Court in the State of Georgia in and for the County of Jackson. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the

date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This _____ day of _____, 2018.

         (Signed)

         _____
         (Printed or typed name of defendant)
    as (title) _____
         of (name of corporate defendant, if any)

## --NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS--

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE SUPERIOR COURT OF JACKSON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| RICHARD FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 18-CV-0278-B |
| ) | |
| LIFE INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendant. ) | |

--WAIVER OF SERVICE OF SUMMONS--

To: Patrick B. Cates, Attorney for Plaintiff

I acknowledge receipt of your request that I waive service of a summons in the action of Richard Fields v. Life Insurance Company of North America, which is case number 18-CV-0278-B in the Superior Court in the State of Georgia in and for the County of Jackson. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the

date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This _____ day of _____, 2018.

(Signed)

_____
(Printed or typed name of defendant)

as (title) _____
of (name of corporate defendant, if any)

## --NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS--

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

FILED
SUPERIOR COURT
JACKSON COUNTY GA
2018 APR -9 PM 3: 09
CAMIE W. THOMAS, CLERK

IN THE SUPERIOR COURT OF JACKSON COUNTY
STATE OF GEORGIA

RICHARD FIELDS, )
      Plaintiff, )
)
vs. ) Civil Action No. 18CV0278B
)
LIFE INSURANCE COMPANY )
OF NORTH AMERICA, )
)
      Defendant. )

## COMPLAINT

### I. JURISDICTION AND PARTIES

1.

This is a claim for recovery of employer-sponsored long-term disability benefits. This suit is brought, and jurisdiction lies under, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. § 1132. Specifically, 29 U.S.C. § 1132(e)(1) provides that "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section." Paragraph (1)(B) of

subsection (a) states that "a civil action may be brought to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

3.

Plaintiff Richard Fields is a resident of Jackson County, Georgia.

4.

Defendant Life Insurance Company of North America ("LINA") is a foreign corporation doing business for profit in Georgia. LINA negotiated, maintained, and administered the disability plan at issue in this complaint. LINA may be served with process, by and through its registered agent, CT Corporation System, 289 S. Culver St, Lawrenceville, GA 30046-4805.

## II. STATEMENT OF FACTS

5.

Fields hereby re-alleges and incorporates by reference paragraphs 1 through 4 stated above.

6.

Fields's employer, Baldor Electric Company, contracted with LINA to provide long term disability benefits to its employees.

7.

At all times material to this action, there was in full force and effect an insurance policy for disability income benefits, constituting a binding contract of insurance between Baldor Electric Company and LINA.

8.

LINA issued a long-term disability policy to Baldor Electric Company under Policy Number FLK0980140.

9.

Baldor Electric Company offered long-term disability ("LTD") coverage to its employees as a welfare benefit plan, as defined under ERISA.

10.

At all times material to this action, Fields was a covered employee under LINA's policy.

11.

Upon information and belief, LINA pays benefits to covered employees under this policy from its own assets or revenue.

12.

LINA administered the disability policy at issue, was a fiduciary, and made all decisions as to benefits payable.

13.

Under LINA's long term disability policy, an "Employee is considered Disabled if, solely because of Injury or Sickness, he or she is either:

1) unable to perform the material duties of his or her Regular Occupation; or
2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is either:

1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience, or
2. unable to earn 80% or more of his or her Indexed Earnings."

14.

Fields worked for Baldor Electric Company as a Red Cell Machine Operator prior to the onset of his disability.

15.

On October 28, 2014, Fields stopped working for Baldor Electric Company due to multiple health impairments, including chronic fatigue syndrome, osteoarthritis, chronic mastoiditis, hypertension, and COPD.

16.

LINA originally approved Fields's application for LTD benefits for the period

4

beginning April 26, 2016. LINA approved Fields's claim for LTD benefits based on medical information showing that Fields could not perform the duties of his own occupation.

17.

LINA subsequently terminated Fields's LTD benefits as of April 25, 2017. LINA determined that an ongoing review of updated medical records did not support a finding that Fields could not perform a sedentary occupation. LINA paid LTD benefits through April 25, 2017.

18.

Fields appealed this determination.

19.

On June 12, 2017, the Social Security Administration determined that Fields is disabled and eligible for Social Security Disability Insurance benefits based on Fields's inability to sustain an eight-hour workday, five days per week, due to ongoing fatigue, shortness of breath, and gastrointestinal issues.

20.

LINA also reviewed evidence from a treating pulmonologist, Dr. F. Hugh Jenkins, M.D. In September 2016, Dr. Jenkins determined that Fields may not do any repetitive physical activity and is not employable given his severe restrictive

5

ventilatory defect.

21.

A treating gastroenterologist, Dr. Jeff Williams, M.D., also assessed Fields's functional capacity. In March 2017, Dr. Williams found that Fields can sit less than two hours per day and stand/walk less than two hours per day. Fields needs to lie down at frequent intervals, according to Dr. Williams.

22.

LINA, however, determined on January 9, 2018 that its review of the medical documentation does not support restrictions and limitations that would render Fields unable to perform a sedentary occupation.

23.

Fields has exhausted his administrative remedies.

### III. STANDARD OF REVIEW

24.

Fields hereby re-alleges and incorporates by reference paragraphs 1 through 23 stated above.

25.

The initial standard of review in this case is a *de novo* standard to determine whether LINA's termination decision was wrong. If this Court determines that

LINA's decision was wrong, the Court must then determine whether LINA's contract of insurance expressly gives discretionary authority to LINA to determine eligibility for benefits, or to construe the terms of the plan or policy. If the contract does not contain this authority and the benefit denial decision is determined to be incorrect, this Court should reverse LINA's decision.

## IV. CLAIM FOR RELIEF

## ENTITLEMENT TO LTD BENEFITS

26.

Fields hereby re-alleges and incorporates by reference paragraphs 1 through 25 stated above.

27.

Fields is entitled to LTD benefits under LINA's policy for the following reasons:

    a. These benefits are permitted under the LTD policy governing Fields's LTD claim;

    b. Fields has satisfied all conditions for eligibility for receipt of these benefits;

    c. Fields has not waived or otherwise relinquished his entitlement to these benefits.

28.

LINA has refused to continue paying LTD benefits to Fields despite substantial medical evidence documenting that Fields cannot perform the duties of a sedentary occupation. As a result of LINA's failure to pay benefits to Fields, he is entitled to relief as outlined below.

## V. RELIEF REQUESTED

In sum, Fields requests judgment of this Court against LINA as follows:

(1) Award damages in the amount equal to the LTD income benefits to which Fields was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

(2) Award pre-judgment and post-judgment interest;

(3) Issue an order requiring LINA to pay continuing benefits in the future so long as Fields remains disabled under the terms of LINA's disability plan;

(4) Issue an order requiring LINA to provide Fields with any other employment benefits to which he would be entitled pursuant to a finding that he is disabled;

(5) Award attorney's fees, including litigation expenses, and the costs of this action to Fields; and,

(6) Grant other and further relief as may be just and proper.

This 5th day of April, 2018.

Respectfully submitted,

_/s/ Patrick B. Cates_
Patrick B. Cates
Georgia Bar No. 116360
Silver & Archibald, LLP
997 S. Milledge Ave.
Athens, GA 30605
706-548-8122
706-548-3060, fax
pbc@silverandarchibald.com

ATTORNEY FOR PLAINTIFF

9

IN THE SUPERIOR COURT OF JACKSON COUNTY

STATE OF GEORGIA

FILED
SUPERIOR COURT
JACKSON COUNTY GA
2018 APR -9 PM 3:09
CAMIE W THOMAS, CLERK

| | |
|---|---|
| RICHARD FIELDS, )<br><br>Plaintiff, )<br><br>vs. )<br><br>LIFE INSURANCE COMPANY )<br>OF NORTH AMERICA, )<br><br>Defendant. ) | Civil Action No. 18CV0278B |

### VERIFICATION

Personally appeared before me the undersigned who on oath states that the facts set forth in the attached Complaint are true and correct to the best of his knowledge and belief.

This 5th day of April, 2018.

*Richard G. Fields*
Richard Fields
Plaintiff

Sworn to and subscribed before me this
5th day of April, 2018.

*Kimberly C. Cato*
Notary Public
My commission expires: July 10, 2021

10

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of __JACKSON__ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number _____ |

Please date stamp and return. Thanks!

**Plaintiff(s)**

FIELDS, RICHARD
Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

**Defendant(s)**

LIFE INSURANCE COMPANY OF NORTH AMERICA
Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

Plaintiff's Attorney __PATRICK B. CATES__ Bar Number __116360__ Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☒ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number      _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18